NICOLA T. HANNA
United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
WILSON PARK (Cal. Bar No. 239527)
DEVON MYERS (Cal. Bar No. 240031)
Assistant United States Attorneys
Violent & Organized Crime Section
    1300 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-5796/0649
    Facsimile: (213) 894-3713
    E-mail:    wilson.park@usdoj.gov
               devon.myers@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 17-577-ODW-1 |
|---|---|
| Plaintiff, | GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO COMPEL CERTAIN DISCOVERY |
| v. | |
| JEROME TERRY, JR., et al., | Hearing Date: August 19, 2019<br>Hearing Time: 10:00 a.m. |
| Defendants. | Location: Courtroom of the Hon. Otis D. Wright II |

    Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Wilson Park and Devon Myers, hereby files its response to defendant Jerome Terry, Jr.'s ("defendant") motion to compel certain discovery.

///

///

///

The government's response is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: August 5, 2019                    Respectfully submitted,

NICOLA T. HANNA
United States Attorney

BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division

/s/ Wilson Park
_____
WILSON PARK
DEVON MYERS
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    GOVERNMENT'S DISCOVERY**

On July 21, 2019, defendant filed his motion to compel certain discovery ("Motion"), seeking the disclosure of 404(b) evidence, Brady/Giglio evidence, Jencks materials, and Rule 16 discovery.  In the Motion, defendant complains that although the government "has produced evidence," "there remain categories of evidence that the government has not produced and has given no . . . date certain as to when they will be produced."  (Dkt. 83 at 2.)  The government, on the other hand, asserts that it has met -- and continues to meet -- all of its discovery obligations and has done so in a timely fashion.  In fact, since defendant's initial appearance in January 2019, the government has produced to defendant over 52,000 pages of documents and 27 audio/video recordings.

The government is in possession of additional materials, including sensitive materials relating to victims and other potential witnesses, which the government intended to produce to defendant closer to the trial date (currently set for October 29, 2019).  To avoid needless litigation and conserve court resources, the government and defendant's attorney, Shaun Khojayan, have met and conferred (both before and after the filing of the Motion) regarding these additional materials and defendant's other discovery requests.  Based on that meet and confer, the government and Mr.

Khojayan have reached a tentative agreement[1] regarding a schedule for disclosures.

Specifically, the government and Mr. Khojayan agreed that the government will produce materials that are currently in its possession, custody, or control pursuant to the following schedule:

    (1)   404(b) evidence:       9/9/19

    (2)   <u>Brady</u>/<u>Giglio</u> evidence:   9/9/19

    (3)   Jencks materials:      9/9/19

    (4)   Rule 16 discovery:    9/3/19

The government notes that this schedule does <u>not</u> apply to materials that are not within the government's possession, custody, or control, such as materials that will be created during trial preparation, e.g., new witness interview reports. The government is mindful of its continuing discovery obligations and will produce any such materials expeditiously after they are created/obtained.

**II.**    <u>**THE COURT SHOULD ORDER DEFENDANT TO PRODUCE DISCOVERY**</u>

Despite several requests from the government (in its discovery letters), the defense has not produced any discovery. To the extent defendant has any discovery that he is obligated to provide under Rules 16(b) and 26.2 of the Federal Rules of Criminal Procedure, the government asks the Court to order the production of that discovery by September 9, 2019.

---

[1] The tentative agreement is subject to defendant's approval. Mr. Khojayan indicated that he would be meeting with defendant on August 8, 2019, to discuss the tentative agreement.

2

## III. CONCLUSION

If defendant approves the tentative agreement, the parties will submit a proposed order that sets forth the agreed upon schedule for disclosures.