NICOLA T. HANNA
United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
WILSON PARK (Cal. Bar No. 239527)
DEVON MYERS (Cal. Bar No. 240031)
Assistant United States Attorneys
Violent & Organized Crime Section
     1300 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-5796/0649
     Facsimile: (213) 894-3713
     E-mail:    wilson.park@usdoj.gov
                devon.myers@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>JEROME TERRY, JR., et al.,<br><br>　　　　Defendants. | No. CR 17-577-ODW-1<br><br>GOVERNMENT'S OPPOSITION TO DEFENDANT JEROME TERRY, JR.'S MOTION TO DISMISS COUNTS 1-3 AND 6-7 ON DUPLICITY GROUNDS<br><br>Hearing Date: August 19, 2019<br>Hearing Time: 10:00 a.m.<br>Location:　　Courtroom of the Hon. Otis D. Wright II |

　　　　Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Wilson Park and Devon Myers, hereby files its Opposition to Defendant Jerome Terry, Jr.'s Motion To Dismiss Counts 1-3 And 6-7 On Duplicity Grounds.

//

//

//

This Opposition is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: August 5, 2019               Respectfully submitted,

                                    NICOLA T. HANNA
                                    United States Attorney

                                    BRANDON D. FOX
                                    Assistant United States Attorney
                                    Chief, Criminal Division


                                         /s/
                                    ─────────────────────────────
                                    DEVON MYERS
                                    WILSON PARK
                                    Assistant United States Attorneys

                                    Attorneys for Plaintiff
                                    UNITED STATES OF AMERICA

**TABLE OF CONTENTS**

DESCRIPTION                                                                PAGE

MEMORANDUM OF POINTS AND AUTHORITIES...................................1

I.  INTRODUCTION......................................................1

II. STATEMENT OF FACTS................................................2

    A.  Defendant Enticed Victim T.F. To Come To Los Angeles Under The False Promise Of Being A Model And Then Beat And Coerced Her To Engage In Prostitution..................2

    B.  Defendant Promised Victim B.E. A Modeling Career But Instead He Prostituted Her Over The Course Of A Week Until He Beat Her And Took Her Belongings.................4

III. THE INDICTMENT IS NOT DUPLICITOUS BECAUSE EACH OF THE CHARGED CRIMES ALLEGE CONTINUING OFFENSES AND DIFFERENT MEANS; AND DISMISSAL IS NOT THE REMEDY..........................5

    A.  Count One Is Not Duplicitous Because It Charges Two Criminal Acts As Part Of An Ongoing Conspiracy Scheme.....7

    B.  Counts Two And Three Are Not Duplicitous Because They Allege Continuing Violations And The Allegations Relate To The Means By Which Terry Trafficked The Victims...........................................................9

        1.  Counts Two And Three Allege Continuing Offenses......9

        2.  A District Court Within The Ninth Circuit Has Held That Sections 1591(a)(1) and (a)(2) Are Means Of Violating 18 U.S.C. § 1591 And Are Not Separate Crimes.......................................9

        3.  The Other Components Alleged In Counts Two and Three Are Means And Are Not Duplicitous.............12

    C.  Counts Six And Seven Are Not Duplicitous Because They Allege Continuing Offenses And Different Means...........13

    D.  Even If The Court Finds Any Of The Counts To Be Duplicitous, A Specific Unanimity Instruction (And Not Dismissal Of the Counts) Is The Appropriate Remedy.......14

IV. CONCLUSION.......................................................15

**TABLE OF AUTHORITIES**

DESCRIPTION                                                                PAGE

**FEDERAL CASES**

Gerberding v. United States,
    471 F.2d 55 (8th Cir. 1973)......................................7

Schad v. Arizona,
    501 U.S. 624 (1991).............................................6

United States v. Arreola,
    467 F.3d 1153 (9th Cir. 2006)..................................10

United States v. Baltimore & O.R.R.,
    538 F. Supp. 200 (D.D.C. 1982)..................................8

United States v. Garcia,
    400 F.3d 816 (9th Cir. 2005).................................5, 6

United States v. Jones,
    No. 1:05-CR-617-WSD, 2007 WL 2301420 (N.D. Ga. July 18,
    2007).......................................................13, 14

United States v. King,
    200 F.3d 1207 (9th Cir. 1999)...................................5

United States v. King,
    713 F. Supp. 2d 1207 (D.C. Haw. 2010)..................10, 11, 12

United States v. Leyva,
    No. 17-CR-3079-BTM, 2019 WL 93303 (S.D. Cal. Jan. 3, 2019)....14

United States v. Lischewski,
    No. 18-Cr-203-EMC-1, 2019 WL 2251104 (N.D. Cal. May 24,
    2019)...........................................................8

United States v. Mal,
    942 F.2d 682 (9th Cir. 1991).............................6, 9, 14

United States v. Mancuso,
    718 F.3d 780 (9th Cir. 2003)....................................6

United States v. Morales,
    11 F.3d 915 (9th Cir. 1993).....................................8

United States v. Moss,
    379 Fed. Appx. 651 (9th Cir. 2010).............................11

United States v. Ramirez-Martinez,
    273 F.3d 903 (9th Cir. 2001)...................................14

United States v. Renteria,
    557 F.3d 1003 (9th Cir. 2009).................................7, 8

**TABLE OF AUTHORITIES (CONTINUED)**

DESCRIPTION                                                              PAGE

United States v. Summit Refrigeration Grp.,
     No. 05-CR-151, 2006 WL 3091115 (E.D. Wis. Oct. 26, 2006)......15

United States v. UCO Oil Co.,
     546 F.2d 833 (9th Cir. 1976).............................10, 12

**FEDERAL STATUTES**

18 U.S.C. § 1594(c)..........................................7, 8

18 U.S.C. § 2422(a)............................................13

18 U.S.C. §§ 1591(a)(1), (a)(2).....................1, 9, 10, 11, 12

18 U.S.C. §§ 1591(a)(1), (a)(2), and (b)(1)........................9

**FEDERAL RULES**

Fed. R. Crim. P. 7(c)............................................6

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

Defendant Jerome Terry, Jr. ("defendant") moves to dismiss Counts One, Two, Three, Six, and Seven of the indictment against him because he claims that they are duplicitous.  In sum, a charge is duplicitous if it charges the violation of more than one offense in a single count.  Defendant raises several duplicity complaints:

(1) The conspiracy charged in Count One, in violation of 18 U.S.C. § 1594, describes conduct relating to two victims;

(2) Counts Two and Three each allege that defendant violated both 18 U.S.C. §§ 1591(a)(1) and (a)(2); and

(3) The Counts at issue all use the word "and" while the statutes themselves use "or," resulting in multiple ways in which each statute was violated.

Each of these claims lacks merit.

Importantly, an indictment is not duplicitous if it describes a continuing offense.  Here, each count about which defendant complains alleges that defendant's conduct took place over a period of time, which means they describe continuing offenses.  As such, they cannot be duplicitous and the Court can end its inquiry there.

Additionally, it is appropriate for the government to allege an offense's different <u>means</u> – the different ways a defendant can violate the statute - in one count.  All of the statutes at issue describe different means, not separate offenses, and the charges here allege the different means that this defendant used to traffic his victims.  Accordingly, the different means alleged are appropriate and do not make the Counts duplicitous.

Lastly, it is not problematic for the government to make its allegations in the conjunctive (and) even if the statute provides the means in the disjunctive (or).  Consequently, the indictment is free of duplicity and the Court can deny defendant's motion.  And, even if there is duplicity, the remedy is a unanimity charge on the verdict form, not dismissal of the counts.

**II. STATEMENT OF FACTS[1]**

    **A.   Defendant Enticed Victim T.F. To Come To Los Angeles Under The False Promise Of Being A Model And Then Beat And Coerced Her To Engage In Prostitution**

In or around March 2014, defendant contacted victim T.F. through Instagram.  Defendant encouraged victim T.F. to travel from her home in Canada to Los Angeles to model and host events.  Victim T.F. was hesitant to come.  In April, defendant and co-defendant Shyanna Talbot ("Talbot") called victim T.F. and said they were hosting an event soon and wanted her to fly to Los Angeles.  After victim T.F. asked if her friend J.O. could accompany her (as her manager), it appeared that Talbot booked flights for both victim T.F. and J.O.  Victim T.F. was to host one event, after which they would discuss future business ventures.

Defendant, Talbot, and defendant Rana Fakhouri ("Fakhouri") met victim T.F. and J.O. at the airport.  After they arrived at a house in the Hollywood Hills, they did not get ready for the event, which prompted victim T.F. to confront defendant.  They started arguing and victim T.F. called a friend in the area because she wanted to leave.

---

[1] This recitation of facts reflects a brief summary of some of the anticipated testimony the government expects to elicit in its case-in-chief.

2

As soon as victim T.F. completed the call, defendant struck her in the face. He then screamed at her, grabbed her hair, and pulled her to her knees. Defendant then dragged victim T.F. into a corner and forced her to sit on her knees for hours. Defendant made victim T.F. say that she would work for him. Defendant threatened to kill victim T.F. and told her that he had gone to jail, knew about her family, and knew where she lived.

Defendant eventually pulled victim T.F. up from her knees and dragged her to another room at the back of the house. There, he put his penis in her face and threw victim T.F. on the bed. Defendant told her that that is where she would be working and that she better not cry and scare away the clientele. Although she did not see them, defendant also told victim T.F. that there were guns in the house. The next day, victim T.F. cried and begged defendant to let her go. Victim T.F. was followed while she was in the house and her phone was taken away from her.

The first time victim T.F. met with a client, she and Talbot wore bathing suits and gave him a massage. The second time, victim T.F. performed oral sex on a client, and when she asked, the client told her that he paid $150 for the appointment. That prompted him to ask her if she was being held against her will. Victim T.F. teared up but did not say anything. Afterwards, defendant yelled at victim T.F. because he thought the customer looked distraught and accused her of telling the customer about what was happening.

The next day, defendant took victim T.F. to a Bank of America and made her empty her accounts. Defendant eventually let victim T.F. call her parents. Victim T.F. called her parents and told them that she had been partying, as defendant had instructed her, but then

3

began crying.  Victim T.F.'s father said that he was going to call the LAPD.  Victim T.F. entertained approximately four clients total before she and J.O. were ultimately rescued by the LAPD.

### B. Defendant Promised Victim B.E. A Modeling Career But Instead He Prostituted Her Over The Course Of A Week Until He Beat Her And Took Her Belongings

Victim B.E. was an aspiring model in Canada.  In approximately November 2014, defendant added victim B.E. on Instagram and began commenting on her Instagram photos.  Defendant told victim B.E. that he was going to make her "big"/"famous."

Defendant paid for victim B.E. to travel to Los Angeles from Canada on January 17, 2015.  Defendant told victim B.E. that she would have to work as an escort, but that all the escorting money would go to her modeling career.  Defendant picked victim B.E. up at LAX and told victim B.E. that she had two clients waiting for her.  Victim B.E. felt like she could not say no.

Defendant (in person) and Talbot (on the phone) told victim B.E. the rates she would be charging.  Defendant also told victim B.E. that she was always to use a condom, which defendant supplied.  Talbot received the incoming calls from clients and screened them to make sure they were not law enforcement.  Talbot would then call victim B.E. to provide her with information about the appointments.

Victim B.E. saw two clients on the night she arrived in Los Angeles.  The next day, victim B.E. started seeing clients at around nine or 10 am.  She saw clients the entire day.  Victim B.E. believed that between January 17, 2015, and January 26, 2015, she had sex with over 40 clients (approximately) and made thousands of dollars for defendant.

4

Victim B.E. was scared of defendant. She told defendant many times that she wanted to stop. One day, while driving, victim B.E. asked defendant what he was doing with her money and accused defendant of pimping her. Victim B.E. told defendant that she was going to contact the police. Defendant became upset, started yelling, and stopped the car. He then walked over to the passenger side of the car, opened the door, and started hitting victim B.E. Victim B.E. asked for her luggage, but defendant responded by pushing her away from the car and hitting her. Defendant broke victim B.E.'s phone by throwing it.

Defendant then got back into the car and drove away rapidly, with victim B.E. holding on to the side of the car. Victim B.E. was dragged and then thrown off the car. Two nearby construction workers witnessed the incident and came to victim B.E.'s aid. Victim B.E. then used one of their phones to call 911.

**III. THE INDICTMENT IS NOT DUPLICITOUS BECAUSE EACH OF THE CHARGED CRIMES ALLEGE CONTINUING OFFENSES AND DIFFERENT MEANS; AND DISMISSAL IS NOT THE REMEDY**

"A duplicitous indictment compromises a defendant's Sixth Amendment right to know the charges against him, as well as his Fifth Amendment protection against double jeopardy." United States v. King, 200 F.3d 1207, 1212 (9th Cir. 1999). "An indictment is duplicitous where a single count joins two or more distinct and separate offenses." United States v. Garcia, 400 F.3d 816, 819 (9th Cir. 2005) (internal quotations omitted).

Here, defendant argues that Counts One, Two, Three, Six, and Seven are duplicitous because, in sum, they each allege "different ways" that defendant violated the respective statutes.

5

But each of these Counts also include a time period of at least a month when defendant committed his crimes. This means that each of these Counts is alleging a continuing offense, which, inherently, cannot be a duplicitous charge: "The continuous nature of an offense prevents the indictment from being duplicitous." United States v. Mancuso, 718 F.3d 780, 792 (9th Cir. 2003) (internal quotations omitted). "A continuing offense is a continuous, unlawful act or series of acts set on foot by a single impulse." Id. (internal quotations omitted).[2]

Additionally, the "different ways" that defendant allegedly violated the statutes are means – not different crimes. "A count may allege that the means by which the defendant committed the offense are unknown or that the defendant committed it by one or more specified means." Fed. R. Crim. P. 7(c); Schad v. Arizona, 501 U.S. 624, 631 (1991). An indictment is not duplicitous if it merely charges a single count that may have been carried out through a variety of means. United States v. Mal, 942 F.2d 682, 688 (9th Cir. 1991). "Jurors are not required to agree unanimously on alternative means of committing a crime." Garcia, 400 F.3d at 819. As further explained below, the government's indictment alleges different means that defendant used to commit his crimes, not different offenses within one count.

---

[2] In Mancuso, the government alleged that the defendant engaged in the continuing offense of possessing cocaine with the intent to distribute. Id. Mancuso explained that possession with intent to distribute is a continuing offense. Id. As such, Mancuso held that even though there were nine witnesses who testified about the defendant's possession with intent to distribute there was no need for a unanimity instruction. Id. Mancuso clarified that it did not matter whether "different jurors found different pieces of testimony credible" because it was unanimous that the defendant was guilty of the alleged ongoing offense. Id. at 793.

6

It is also not problematic that the indictment charges defendant's crime in the conjunctive, rather than in the disjunctive, which is how the statutes are written. It is well-established that when a single crime can be committed by several alternative means, "[i]t is proper for the government to charge different means of a crime connected by conjunctions in the indictment [even] [though] the means are listed disjunctively in the statute." United States v. Renteria, 557 F.3d 1003, 1007 (9th Cir. 2009); see also Gerberding v. United States, 471 F.2d 55, 59 (8th Cir. 1973) ("Where . . . the statute specifies two or more ways in which one offense may be committed, all may be alleged in the conjunctive in one count of the indictment, and proof of any one of the methods will sustain a conviction."). The Court can deny defendant's motion on each of these grounds.

### A. Count One Is Not Duplicitous Because It Charges Two Criminal Acts As Part Of An Ongoing Conspiracy Scheme

Defendant argues that Count One is duplicitous because "it charges a conspiracy that sought to commit at least two crimes" and because it uses "and" to describe defendant's conduct. (Docket Entry ("DE") 80, Mot. at 3-4.) But defendant's arguments fail because: (1) a conspiracy charge is a continuing offense, and a continuing offense cannot be duplicitous, and (2) using "and" (pleading in the conjunctive) is proper.

Count One alleges that defendant violated 18 U.S.C. § 1594(c) when he conspired to traffic victims T.F. and B.E. "[b]eginning on a date unknown and continuing to on or about January 26, 2015." The statute itself provides that "[w]hoever conspires with another to

violate section 1591 shall be fined under this title, imprisoned for any term of years or for life, or both." (emphasis added.)

As such, 18 U.S.C. § 1594(c) is a conspiracy charge. "There is no question that 'conspiracy is a continuing offense.'" United States v. Morales, 11 F.3d 915, 920 (9th Cir. 1993) (quoting United States v. Castro, 972 F.2d 1107, 1112 (9th Cir. 1992)). "A conspiracy is presumed to continue until there is affirmative evidence of abandonment, withdrawal, disavowal or defeat of the object of the conspiracy." Id. (quotations omitted).

Indeed, courts have held that conspiracy charges that encompass multiple acts are not duplicitous. See United States v. Baltimore & O.R.R., 538 F. Supp. 200, 205-06 (D.D.C. 1982) (holding that a single count of conspiracy "charging a number or variety of acts is not duplicitous"); United States v. Lischewski, No. 18-Cr-203-EMC-1, 2019 WL 2251104, *3 (N.D. Cal. May 24, 2019) (holding conspiracy charge not to be duplicitous).

Here, Count One is a conspiracy charge premised on the allegation that defendant conspired with others to traffic victims T.F. and B.E. As in Morales, the conspiracy charge here is, by definition, a continuing offense. And, as in Baltimore and Lischewski, a continuing offense, even though predicated on multiple acts, is not duplicitous. Indeed, if defendant's argument had merit, then every conspiracy charge that includes more than one overt act would be duplicitous, which is not the law. Additionally, as in Renteria, pleading the means of a conspiracy count in the conjunctive – i.e., using the word "and" to describe the various ways that defendant conspired to traffic the victims – is appropriate. Consequently, defendant's claim that Count One is duplicitous fails.

**B. Counts Two And Three Are Not Duplicitous Because They Allege Continuing Violations And The Allegations Relate To The Means By Which Terry Trafficked The Victims**

Defendant alleges that Counts Two and Three are duplicitous because they both combine the means described in 18 U.S.C. §§ 1591(a)(1) and (a)(2) and because they are alleged in the conjunctive. Defendant's arguments fail because: (1) Counts Two and Three allege continuing violations; (2) a case analyzing (a)(1) and (a)(2) determined that they encapsulate means rather than separate offenses; and (3) the various verbs in both (a)(1) and (a)(2) are means of committing the singular offense of sex trafficking.

1. Counts Two And Three Allege Continuing Offenses

In Count Two, the government alleges that defendant violated 18 U.S.C. §§ 1591(a)(1), (a)(2), and (b)(1) by trafficking victim T.F. "[b]eginning in or around March 2014, through on or about April 30, 2014." Count Three alleges that defendant violated the same statutory provisions when he trafficked victim B.E. "[b]eginning in or around November 2014, through on or about January 26, 2015."

As noted above, because each of these Counts alleges a time period over which defendant committed his crimes, as in Mal, they are continuing offenses and not duplicitous. The Court need not conduct further analysis and can deny defendant's motion on this ground.

2. A District Court Within The Ninth Circuit Has Held That Sections 1591(a)(1) and (a)(2) Are Means Of Violating 18 U.S.C. § 1591 And Are Not Separate Crimes

Defendant argues that 18 U.S.C. §§ 1591(a)(1) and (a)(2) are two distinct crimes and should not be charged in the same count. (Mot. at 4.) Defendant's argument lacks merit.

9

1    Because Sections 1591(a)(1) and (a)(2) are punishing the same
2 crime, just different means of accomplishing it, a count that
3 includes both is not duplicitous.  Additionally, the facts described
4 above show that defendant trafficked the victims and profited from
5 their prostitution.  The subparts of Sections 1591(a)(1) and (a)(2)
6 are means and, therefore, the subject counts are not duplicitous.
7    To determine whether a charge is duplicitous, the Court can
8 examine: (1) the language of the statute itself; (2) the legislative
9 history and statutory context; (3) the nature of the proscribed
10 conduct itself; and (4) the "appropriateness of multiple punishment
11 for the conduct charged in the indictment."  United States v. UCO Oil
12 Co., 546 F.2d 833, 834-38 (9th Cir. 1976); United States v. Arreola,
13 467 F.3d 1153, 1157 (9th Cir. 2006).
14    United States v. King analyzed whether Sections 1951(a)(1) and
15 (a)(2) are separate offenses and concluded that they are not.  713 F.
16 Supp. 2d 1207, 1214-19 (D.C. Haw. 2010).  King held that the language
17 of the statute itself "indicates that Congress did not intend [(a)(1)
18 and (a)(2)] to create two separate offenses but one offense with two
19 alternate means of violation."  Id. at 1216.  This was because each
20 share an opening element, "whoever knowingly," a closing clause with
21 another element and one provision of punishment.  Id.  Additionally,
22 because (a)(2) directly references (a)(1), Congress "did not provide
23 each subsection with its own completely self contained provision."
24 Id.  Specifically, 1591(a)(2) provides that "[whoever knowingly]
25 benefits financially or by receiving anything of value, from
26 participation in a venture which has engaged in an act described in
27 violation of paragraph (1)."
28

10

King noted that "where punishment did not depend on the statutory provisions in question, the provisions did not create separate offenses" and that 1591 does not punish differently depending on whether a defendant violates 1591(a)(1) or (a)(2). Id. at 1217 (citing United States v. Arreola, 467 F.3d 1153, 1157 (9th Cir. 2006)).

King observed that there was one factor that could support the idea that (a)(1) and (a)(2) are different crimes: when they proscribe distinctly different conduct. Id. King's conclusion rested on the fact that 1591(a)(1) proscribes "actively engaging a person in commercial sex" and (a)(2) "proscribes a distinctly different kind of conduct, namely, benefitting from a venture that itself actively engaged the person in commercial sex." Id.; see also United States v. Moss, 379 Fed. Appx. 651, 652 (9th Cir. 2010) (holding that where the government charged violations of (a)(1) and (a)(2) in different counts, the counts "charge[d] separate conduct and, for this reason, multiplicity is not a concern.").

King held that the last factor, "appropriateness of multiple punishment for the conduct in the indictment," "weighs clearly in favor of viewing subsections of 1591(a)(1) and (a)(2) as providing for alternate means of committing one offense as opposed to creating two separate offenses." King, 713 F. Supp. at 1217. King explained that if (a)(1) and (a)(2) captured separate offenses, then "a pimp found to be in violation of subsection 1591(a)(1) by engaging a victim in commercial sex in violation of the statute always would also be subject to penalties provided by subsection (a)(2) by benefitting financially from the same crime," because "commercial sex is always for the purpose of financial benefit." Id. at 2018

11

(emphasis in original).  Such an interpretation would violate the "presumption against construing statutes so as to lead to multiple punishment."  Id. (citing UCO Oil, 546 F.2d at 837).  King concluded that 1591(a)(1) and (a)(2) "provide for two separate means of violating the same statute, rather than for two separate offenses based on the same conduct."  Id.

King provides the answer to the question here: 1591(a)(1) and (a)(2) are not two separate offenses and, therefore, charging them in the same count does not violate the principles of duplicity.  Indeed, as King explained, it would be unfair to defendant for him to be exposed to criminal liability for engaging a victim in commercial sex and separately liable for profiting from those sex acts.  As such, Counts Two and Three, as in King, are not duplicitous even though they include allegations based on violations of 1591(a)(1) and (a)(2).  For the Court to find otherwise would result in an unjust outcome for defendant.

### 3. The Other Components Alleged In Counts Two and Three Are Means And Are Not Duplicitous

Defendant also argues that because each count alleges that defendant "knowingly recruited, enticed, harbored, transported, provided, obtained, advertised, and maintained [the] [victims] by any means," this is another ground on which each count is duplicitous.  Defendant makes the same argument for the sub-parts of 18 U.S.C. § 1591(a)(2).

The indictment alleges in Counts Two and Three, respectively, that defendant "knowingly recruited, enticed, harbored, transported, provided, obtained, advertised, and maintained by any means . . . " the victim.  To some extent, defendant's own argument, that these are

12

"different ways" he violated the statute demonstrates that these are means – not separate crimes. Additionally, a court in Georgia, examining this exact issue, determined that each of these provisions are means and not separate and distinct crimes. United States v. Jones, No. 1:05-CR-617-WSD, 2007 WL 2301420, at *10-11 (N.D. Ga. July 18, 2007).

As explained above, defendant promised both victims a modeling career. He reached out to them online and over a period of time persuaded them to leave the safety of another country and their families. He sent them plane tickets. Once they came to Los Angeles, defendant used different means: force, fraud, and coercion to get them to engage in commercial sex acts from which he profited. The facts here support the different means alleged in the Indictment.

### C. Counts Six And Seven Are Not Duplicitous Because They Allege Continuing Offenses And Different Means

Defendant alleges that Counts Six and Seven are duplicitous because they "list all four ways" that 18 U.S.C. § 2242(a) can be violated and they plead the means of the crime in the conjunctive. (Mot. at 5.) Both of these counts, however, allege that defendant violated them over a period of time, making them continuing offenses. Additionally, as defendant implicitly concedes by calling them "ways," the various verbs describing how defendant violated those statutes are means – not separate offenses. And, again, there is no issue that the charges use the word "and."

Count Six alleges defendant violated 18 U.S.C. § 2422(a) when he "knowingly persuaded, induced, enticed, and coerced" victim T.F. to come to the United States to engage in prostitution "beginning in or around March 2014, and continuing on or about April 20, 2014." Count

Seven alleges defendant violated the same statute in the same way related to victim B.E. "beginning in or around November 2014, and continuing until on or about January 26, 2015."

Given that both counts allege a period of time over which defendant committed each crime, they are continuing offenses and, as in Mal, are not duplicitous.

Similarly, while there is not a Ninth Circuit case analyzing the multiple verbs included in 2422, the general rule is that a count is not duplicitous when "each verb describes a different means of committing a singular crime." United States v. Leyva, No. 17-CR-3079-BTM, 2019 WL 93303, at *2 (S.D. Cal. Jan. 3, 2019) (finding no duplicity where an indictment used different verbs to describe a violation of 18 U.S.C. § 111(a)).

Here, as in Leyva and Jones, the multiple verbs in these counts are describing the different means that defendant used to entice each victim to travel from Canada to the United States. Defendant cites no authority indicating that these are not different means. And the facts here support the different means alleged since defendant used a variety of techniques to induce and entice the victims to travel from Canada to the United States. As such, Counts Six and Seven are not duplicitous.

**D. Even If The Court Finds Any Of The Counts To Be Duplicitous, A Specific Unanimity Instruction (And Not Dismissal Of the Counts) Is The Appropriate Remedy**

The indictment does not contain duplicitous counts, but even if it did, the proper remedy for duplicity is a unanimity instruction (or verdict form requiring unanimity), and not dismissal. See United States v. Ramirez-Martinez, 273 F.3d 903, 915 (9th Cir. 2001),

14

overruled on other grounds by United States v. Lopez, 484 F.3d 1186 (9th Cir. 2007) (en banc); United States v. Summit Refrigeration Grp., No. 05-CR-151, 2006 WL 3091115, at *3-4 (E.D. Wis. Oct. 26, 2006) ("[T]he risk inherent in duplicitous counts can be cured by a limiting instruction to the jury requiring unanimity on one or the other of the acts charged within a cou[n]t that otherwise appear to be separate offenses."). As such, if the Court finds that any of the counts are duplicitous, it should require a unanimity instruction on that count. Accordingly, there is no reason to dismiss any of the counts.

## IV. CONCLUSION

For the foregoing reasons, the government respectfully requests that this Court deny defendant's motion to dismiss Counts One, Two, Three, Six, and Seven.