TRACY L. WILKISON
Acting United States Attorney
CHRISTOPHER D. GRIGG
Assistant United States Attorney
Chief, National Security Division
WILSON PARK (Cal. Bar No. 239527)
Assistant United States Attorney
Terrorism & Export Crimes Section
DEVON MYERS (Cal. Bar No. 240031)
Assistant United States Attorney
Cyber & Intellectual Property Crimes Section
MARIA JHAI (Cal. Bar No. 283059)
Assistant United States Attorney
General Crimes Section
     1500/1200 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone:    (213) 894-5796/0649/4138
     Facsimile:    (213) 894-2927
     E-mail:       wilson.park@usdoj.gov
                   devon.myers@usdoj.gov
                   maria.jhai@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff,<br><br>              v.<br><br>JEROME TERRY, JR., et al.,<br><br>              Defendants. | No. CR 17-577-ODW-1<br><br>**AMENDED**<br>PLEA AGREEMENT FOR DEFENDANT<br>JEROME TERRY, JR. |

   1.   This constitutes the plea agreement between defendant JEROME TERRY, JR. ("defendant") and the United States Attorney's Office for the Central District of California (the "USAO") in the above-captioned case. This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

RULE 11(c)(1)(C) AGREEMENT

2.   Defendant understands that this agreement is entered into pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). Accordingly, defendant understands that, if the Court determines that it will not accept this agreement, absent a breach of this agreement by defendant prior to that determination and whether or not defendant elects to withdraw any guilty plea entered pursuant to this agreement, this agreement will, with the exception of paragraph 23 below, be rendered null and void and both defendant and the USAO will be relieved of their obligations under this agreement.  Defendant agrees, however, that if defendant breaches this agreement prior to the Court's determination of whether or not to accept this agreement, the breach provisions of this agreement, paragraphs 26 and 27 below, will control, with the result that defendant will not be able to withdraw any guilty plea entered pursuant to this agreement, the USAO will be relieved of all of its obligations under this agreement, and the Court's failure to follow any recommendation or request regarding the sentence set forth in this agreement will not provide a basis for defendant to withdraw defendant's guilty plea.

DEFENDANT'S OBLIGATIONS

3.   Defendant agrees to:

a.   At the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to count one of the indictment in United States v. Jerome Terry, Jr., et al., CR No. 17-577-ODW-1, which charges defendant with conspiracy to engage in sex trafficking, in violation of 18 U.S.C. § 1594(c).

b.   Not contest facts agreed to in this agreement.

      c.    Abide by all agreements regarding sentencing contained in this agreement and affirmatively recommend to the Court that it impose sentence in accordance with paragraph 17 of this agreement.

      d.    Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

      e.    Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

      f.    Be truthful at all times with the United States Probation and Pretrial Services Office and the Court.

      g.    Pay the applicable special assessment at or before the time of sentencing unless defendant has demonstrated a lack of ability to pay such assessments.

4. Not oppose the imposition of the following condition of supervised release:

      a.    Defendant shall not associate or have verbal, written, telephonic, or electronic communication with any known victims in this case, including but not limited to T.F. and B.E.

## THE USAO'S OBLIGATIONS

5. The USAO agrees to:

      a.    Not contest facts agreed to in this agreement.

      b.    Abide by all agreements regarding sentencing contained in this agreement and affirmatively recommend to the Court that it impose sentence in accordance with paragraph 17 of this agreement.

      c.    At the time of sentencing, move to dismiss the remaining counts of the indictment as against defendant. Defendant

agrees, however, that at the time of sentencing, the Court may consider any dismissed charges in determining the applicable Sentencing Guidelines range, the propriety and extent of any departure from that range, and the sentence to be imposed.

## NATURE OF THE OFFENSE

6. Defendant understands that for defendant to be guilty of the crime charged in count one, that is, conspiracy to engage in sex trafficking, in violation of 18 U.S.C. § 1594(c), the following must be true:

   a. First, beginning on a date unknown and continuing to on or about January 26, 2015, there was an agreement between two or more persons to commit the crime of sex trafficking by force, threats of force, fraud, or coercion, in violation of 18 U.S.C. § 1591(a)(1), (a)(2), (b)(1); and

   b. Second, defendant became a member of the conspiracy knowing of its object and intending to help accomplish it.

7. The elements of sex trafficking by force, threats of force, fraud, or coercion, in violation of 18 U.S.C. § 1591(a)(1), (a)(2), (b)(1), which is the object of the conspiracy, are as follows:

   a. First, a conspirator knowingly recruited, enticed, harbored, transported, provided, obtained, or maintained a person to engage in a commercial sex act; OR a conspirator benefitted financially or by receiving anything of value from participation in a venture that recruited, enticed, harbored, transported, provided, obtained, or maintained a person to engage in a commercial sex act; and

   b. Second, the conspirator knew or was in reckless disregard of the fact that means of force, threats of force, fraud,

4

coercion, or any combination of such means would be used to cause the person to engage in a commercial sex act; and

   c. Third, the conspirator's acts were in or affecting interstate or foreign commerce.

## PENALTIES AND RESTITUTION

8. Defendant understands that the statutory maximum sentence that the Court can impose for a violation of 18 U.S.C. § 1594(c) is: life imprisonment; a lifetime period of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

9. Defendant understands that the statutory mandatory minimum sentence that the Court must impose for a violation of 18 U.S.C. § 1594(c) is: a five-year period of supervised release and a mandatory special assessment of $100.

10. Defendant understands that defendant will be required to pay full restitution to the victims of the offense to which defendant is pleading guilty. Defendant agrees that, in return for the USAO's compliance with its obligations under this agreement, the Court may order restitution to persons other than the victims of the offense to which defendant is pleading guilty and in amounts greater than those alleged in the count to which defendant is pleading guilty. In particular, defendant agrees that the Court may order restitution to any victim of any of the following for any losses suffered by that victim as a result: (a) any relevant conduct, as defined in U.S.S.G. § 1B1.3, in connection with the offense to which defendant is pleading guilty; and (b) any counts dismissed pursuant to this

agreement as well as all relevant conduct, as defined in U.S.S.G. § 1B1.3, in connection with those counts

11. Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements. Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release.

12. Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that he is pleading guilty to a felony and that it is a federal crime for a convicted felon to possess a firearm or ammunition. Defendant understands that the conviction in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license. Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

13. Defendant understands that under 34 U.S.C. § 20913, defendant will be required to register as a sex offender and may be subject to registration requirements in each jurisdiction where defendant resides, where the defendant is an employee, and where the defendant is a student. Failure to comply with these obligations may subject defendant to prosecution for failure to register under

federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

14. Defendant and his counsel have discussed the fact that, and defendant understands that, if defendant is not a United States citizen, the conviction in this case makes it practically inevitable and a virtual certainty that defendant will be removed or deported from the United States. Defendant may also be denied United States citizenship and admission to the United States in the future. Defendant understands that while there may be arguments that defendant can raise in immigration proceedings to avoid or delay removal, removal is presumptively mandatory and a virtual certainty in this case. Defendant further understands that removal and immigration consequences are the subject of a separate proceeding and that no one, including his attorney or the Court, can predict to an absolute certainty the effect of his conviction on his immigration status. Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if the consequence is automatic removal from the United States.

## FACTUAL BASIS

15. Defendant admits that defendant is, in fact, guilty of the offense to which defendant is agreeing to plead guilty. Defendant and the USAO agree to the statement of facts provided below and agree that this statement of facts is sufficient to support a plea of guilty to the charge described in this agreement, but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

Beginning on an unknown date and continuing until at least on or about January 26, 2015, in Los Angeles County, within the Central District of California, defendant and his co-conspirators agreed to commit the crime of sex trafficking by force, threats of force, fraud, or coercion. Defendant joined in this agreement knowing of its object and intending to help accomplish it.

In or around December 2013, defendant, co-conspirator #1, and co-conspirator #2 formed a purported "modeling" management company called CanadianGirlzRock, Inc. ("CGR"), with the intention and plan to use CGR to lure aspiring models to Los Angeles and other locations with the promise of modeling careers. Pursuant to the plan, defendant and co-conspirator #1 advertised CGR as a modeling management company on CGR's social media accounts, including Instagram. Defendant would comment on pictures posted online by aspiring models, including victims T.F. and B.E., offering CGR's services to assist women with their modeling careers, including by inviting them to travel to Los Angeles or other locations to participate in modeling events. In making these representations, defendant intended and planned to recruit, entice, and transport the women to Los Angeles, or other locations, and to harbor, provide, obtain, and maintain the women to engage in commercial sex acts, knowing or in reckless disregard of the fact that means of force, threats of force, fraud, coercion, or any combination of such means would be used to cause the women to engage in commercial sex acts.

Specifically, in or around March 2014, defendant contacted victim T.F. using CGR's Instagram account, commenting on photos she posted online. In phone conversations over several weeks, defendant knowingly recruited and enticed T.F. to travel from her residence in

Canada to Los Angeles in the Central District of California. Defendant represented to T.F. that he wanted her to come to Los Angeles to work for CGR as a model and event host. On or around April 27, 2014, T.F. traveled from Canada to Los Angeles using plane tickets paid for by defendant. Following T.F.'s arrival, defendant did not assist T.F. with her modeling career or have her work as an event host, as he had promised. Instead, defendant knowingly by means of force, threats of force, fraud, coercion, or any combination of such means caused T.F. to engage in commercial sex acts with four clients over approximately four days, and until law enforcement located and retrieved T.F.

In November 2014, defendant contacted victim B.E. using CGR's Instagram account, commenting on photos she posted online. Then, between November 2014 and January 2015, defendant, via Instagram and phone conversations, knowingly recruited and enticed B.E. to travel from her residence in Canada to Los Angeles in the Central District of California, telling her that he would help her with her modeling career. Defendant also sent B.E. a proposed modeling management contract, which she signed and returned. Defendant told B.E. that she would need to perform acts of prostitution to make money to support her modeling career, but that proceeds from that work would be put toward her modeling career or given to her to send to her family. On or about January 17, 2015, B.E. flew from Canada to Los Angeles using plane tickets purchased by defendant. Following B.E.'s arrival in Los Angeles, defendant knowingly by means of fraud -- including specifically the false and deceptive promises that he would put money from B.E.'s prostitution toward her modeling career or make the money available for her to send to her family -- caused B.E. to

1  engage in commercial sex acts with ~~men who paid~~ numerous clients over
2  approximately 10 days.  Defendant did not use any of the money that
3  B.E. earned towards B.E.'s modeling career or to send to her family,
4  as he had promised.  When B.E. asked about the money, defendant
5  became angry, ~~hit her,~~ and broke her phone.
6       At all relevant times, defendant's acts of recruiting, enticing,
7  and transporting victims T.F. and B.E. were in or affecting
8  interstate or foreign commerce, in that defendant's acts caused
9  victims T.F. and B.E. to travel across the border between the United
10 States and Canada, and involved the use of cellular telephones, the
11 Internet, and e-mail to receive and send intercountry communications.

## SENTENCING FACTORS AND AGREED-UPON SENTENCE

12
13      16.  Defendant understands that in determining defendant's
14 sentence, the Court is required to calculate the applicable
15 Sentencing Guidelines range and to consider that range, possible
16 departures under the Sentencing Guidelines, and the other sentencing
17 factors set forth in 18 U.S.C. § 3553(a).  Defendant understands that
18 the Sentencing Guidelines are advisory only.
19      17.  Defendant and the USAO agree that, taking into account the
20 factors listed in 18 U.S.C. § 3553(a)(1)-(7), the counts in the
21 indictment that will be dismissed pursuant to the plea agreement, and
22 the departure identified at U.S.S.G. § 5K2.21 (dismissed and
23 uncharged conduct), an appropriate disposition of this case is that
24 the Court impose the following sentence: between 84 months of
25 imprisonment and 180 months of imprisonment; a 10-year period of
26 supervised release with conditions to be fixed by the Court; a fine
27 in the amount set by the Court; a $100 special assessment; and
28 restitution in the amount set by the Court.  The parties agree that

restitution is to be paid pursuant to a schedule to be fixed by the Court. The parties also agree that no prior imprisonment (other than credits that the Bureau of Prisons may allow under 18 U.S.C. § 3585(b)) may be credited against this stipulated sentence, including credit under Sentencing Guideline § 5G1.3.

18. Defendant agrees that he will not seek, argue, or suggest in any way, either orally or in writing, that the Court impose a sentence below 84 months of imprisonment. The USAO agrees that it will not seek, argue, or suggest in any way, either orally or in writing, that the Court impose a sentence above 180 months of imprisonment.

## WAIVER OF CONSTITUTIONAL RIGHTS

19. Defendant understands that by pleading guilty, defendant gives up the following rights:

   a. The right to persist in a plea of not guilty.

   b. The right to a speedy and public trial by jury.

   c. The right to be represented by counsel -- and if necessary have the Court appoint counsel -- at trial. Defendant understands, however, that defendant retains the right to be represented by counsel -- and if necessary have the Court appoint counsel -- at every other stage of the proceeding.

   d. The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

   e. The right to confront and cross-examine witnesses against defendant.

f.  The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

g.  The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

h.  Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

### WAIVER OF APPEAL OF CONVICTION

20. Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty plea was involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's conviction on the offense to which defendant is pleading guilty. Defendant understands that this waiver includes, but is not limited to, arguments that the statute to which defendant is pleading guilty is unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

### LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

21. Defendant agrees that, provided the Court imposes the sentence specified in paragraph 17 above, defendant gives up the right to appeal any portion of that sentence, and the procedures and calculations used to determine and impose any portion of that sentence.

22. The USAO agrees that, provided the Court imposes the sentence specified in paragraph 17 above, the USAO gives up its right to appeal any portion of that sentence, and the procedures and

calculations used to determine and impose any portion of that sentence.

## RESULT OF WITHDRAWAL OF GUILTY PLEA

23. Defendant agrees that if, after entering a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty plea on any basis other than a claim and finding that entry into this plea agreement was involuntary, then (a) the USAO will be relieved of all of its obligations under this agreement; and (b) should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

## RESULT OF VACATUR, REVERSAL, OR SET-ASIDE

24. Defendant agrees that if the count of conviction is vacated, reversed, or set aside, both the USAO and defendant will be released from all their obligations under this agreement.

## EFFECTIVE DATE OF AGREEMENT

25. This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

## BREACH OF AGREEMENT

26. Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached. All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing. If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea pursuant to this agreement, defendant will not be able to withdraw the guilty plea, (b) the USAO will be relieved of all its obligations under this agreement, and (c) the Court's failure to follow any recommendation or request regarding sentence set forth in this agreement will not provide a basis for defendant to withdraw defendant's guilty plea.

27. Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then:

   a. Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

   b. Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the

extent that such defenses existed as of the date of defendant's signing this agreement.

c.   Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any such action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from the statements should be suppressed or are inadmissible.

## COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES OFFICE NOT PARTIES

28.   Defendant understands that the Court and the United States Probation and Pretrial Services Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts, sentencing factors, or sentencing.  Defendant understands that the Court will determine the facts, sentencing factors, and other considerations relevant to sentencing and will decide for itself whether to accept and agree to be bound by this agreement.

29.   Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation and Pretrial Services Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of

15

sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it chooses to impose are not error, although each party agrees to maintain its view that the sentence referenced in paragraph 17 is consistent with the facts of this case.  While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation and Pretrial Services Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

NO ADDITIONAL AGREEMENTS

30.  Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

///
///
///

1
2
3

PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

31. The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF
CALIFORNIA

TRACY L. WILKISON
Acting United States Attorney

_____          7-15-21
WILSON PARK                         Date
Assistant United States Attorney

_____          7-15-21
JEROME TERRY, JR.                   Date
Defendant

_____          7-15-21
MEGHAN BLANCO                       Date
Attorney for Defendant JEROME
TERRY, JR.

///
///
///

17

## CERTIFICATION OF DEFENDANT

I have read this agreement in its entirety. I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charge and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

_____     7-15-21
JEROME TERRY, JR.                   Date
Defendant

///
///
///

CERTIFICATION OF DEFENDANT'S ATTORNEY

I am defendant JEROME TERRY, JR.'s attorney. I have carefully and thoroughly discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set forth in this agreement is sufficient to support my client's entry of a guilty plea pursuant to this agreement.

_____  7-15-21
MEGHAN BLANCO              Date
Attorney for Defendant JEROME
TERRY, JR.